THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **CYNTHIA N.,** **Plaintiff,** v. **CAROLYN W. COLVIN,**[1] **Acting Commissioner of Social Security,** **Defendant.** | MEMORANDUM DECISION AND ORDER Case No. 2:24-cv-00282-JCB Magistrate Judge Jared C. Bennett |

Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have consented to Judge Jared C. Bennett conducting all proceedings in this case, including entry of final judgment.[2] Before the court is Plaintiff Cynthia N.'s ("Plaintiff") appeal of Acting Commissioner of Social Security Carolyn W. Colvin's ("Commissioner") final decision determining that Plaintiff was not entitled to Disabled Widow's Benefits ("DWB") under Title II of the Social Security Act.[3] After careful consideration of the written briefs and the complete record, the court concludes that oral argument is not necessary. Based upon the analysis set forth below, the court affirms the Commissioner's decision.

---

[1] Carolyn W. Colvin is now the Acting Commissioner of Social Security. Under Fed. R. Civ. P. 25(d), she has been substituted for Commissioner of Social Security Martin J. O'Malley as the Defendant in this case. ECF No. 19.

[2] ECF No. 5.

[3] 42 U.S.C. §§ 401-434.

**PROCEDURAL BACKGROUND**

Plaintiff alleges disability due to various physical and mental impairments. Plaintiff applied for DWB in August 2021.[4] Plaintiff's application was denied initially[5] and upon reconsideration.[6] On July 18, 2023, Plaintiff appeared with counsel for a telephonic hearing before an Administrative Law Judge ("ALJ").[7] The ALJ issued a written decision on October 31, 2023, denying Plaintiff's claim for DWB.[8] Plaintiff appealed the adverse ruling, and the Appeals Council denied her appeal,[9] which made the ALJ's decision final for purposes of judicial review.[10] On April 18, 2024, Plaintiff filed her complaint in this case seeking review of the Commissioner's final decision.[11]

**STANDARD OF REVIEW**

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."[12] The Commissioner's findings, "if supported by substantial evidence, shall be conclusive."[13] "Substantial evidence is such relevant evidence as a reasonable mind

---

[4] ECF No. 9, Administrative Record ("AR ___") 195-201.

[5] AR 68-75, 84-88.

[6] AR 76-83, 90-94.

[7] AR 47-67.

[8] AR 15-38.

[9] AR 1-7.

[10] 42 U.S.C. § 405(g); 20 C.F.R. § 404.981.

[11] ECF No. 1.

[12] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted).

[13] 42 U.S.C. § 405(g).

might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance."[14] "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]."[15] "The [f]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal."[16]

The aforementioned standards apply to the Commissioner's five-step evaluation process for determining whether a claimant is disabled.[17] If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed.[18]

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that [her] impairments would have more than a minimal effect on [her] ability to do basic work activities, [she] is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.[19]

---

[14] *Lax*, 489 F.3d at 1084 (quotations and citation omitted).

[15] *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted).

[16] *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (first alteration in original) (quotations and citation omitted).

[17] 20 C.F.R. § 404.1520(a)(4)(i)-(v); *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process); *see also* 20 C.F.R. § 404.1520(a)(2) (providing that the five-step process applies to applications for DWB based on disability for months after December 1990).

[18] 20 C.F.R. § 404.1520(a)(4); *see also Williams*, 844 F.2d at 750.

[19] *Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see also* 20 C.F.R. § 404.1520(a)(4)(i)-(ii).

At step three, the claimant must show that his or her impairments meet or equal one of several listed impairments that are "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience."[20] "If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ."[21] Before considering step four, however, the ALJ must determine the claimant's residual functional capacity ("RFC").[22] An individual's RFC is her greatest ability to do physical and mental work activities on a regular and continuing basis despite limitations from her impairments.[23] In making this determination, the ALJ must consider all of the claimant's impairments, including impairments that are not severe.[24]

For the fourth step, the claimant must show, given her RFC, that her impairments prevent performance of her "past relevant work."[25] "If the claimant is able to perform [her] previous work, [she] is not disabled."[26] If, however, the claimant is not able to perform her previous work, she "has met [her] burden of proof, establishing a prima facie case of disability."[27]

---

[20] 20 C.F.R. § 404.1525(a); *see also* 20 C.F.R. § 404.1520(a)(4)(iii).
[21] *Williams*, 844 F.2d at 751.
[22] 20 C.F.R. § 404.1520(a)(4), (e).
[23] *Id*. § 404.1545(a)(1), (b)-(c).
[24] *Id*. § 404.1545(a)(2).
[25] *Id*. § 404.1520(a)(4)(iv).
[26] *Williams*, 844 F.2d at 751.
[27] *Id*.

From here, "[t]he evaluation process . . . proceeds to the fifth and final step," where the burden of proof shifts to the Commissioner.[28] The decision maker must determine "whether the claimant has the [RFC] to perform other work in the national economy in view of [her] age, education, and work experience."[29] If it is determined that the claimant "can make an adjustment to other work," she is not disabled.[30] If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," she is disabled and entitled to benefits.[31]

### ANALYSIS

**I.  The ALJ's Finding That Plaintiff Could Perform Jobs Requiring Frequent Reaching Is Supported by Substantial Evidence.**

The lone issue on appeal is whether Plaintiff's RFC should have included a limitation of "occasional" instead of "frequent" bilateral reaching.[32] All the jobs the ALJ found that Plaintiff could perform based on her RFC require "frequent" reaching.[33] "Frequent" means from 1/3 to

---

[28] *Id*.

[29] *Id*. (quotations and citation omitted); *see also* 20 C.F.R. § 404.1520(a)(4)(v).

[30] 20 C.F.R. § 404.1520(a)(4)(v).

[31] *Id*.

[32] Plaintiff's reply brief acknowledges that the sole issue is whether Plaintiff is limited to reaching bilaterally above her head occasionally. ECF No. 18 at 4.

[33] The Commissioner relies on *The Dictionary of Occupational Titles* ("DOT") to determine whether there are jobs that a claimant can perform in sufficient numbers in the national economy based on a claimant's RFC. 20 C.F.R. § 404.1566(d)(1). The DOT provides that all the jobs the ALJ identified require "frequent" reaching. Routing Clerk, DOT 222.687-022; Mail Clerk, DOT 209.687-026. The court notes that the ALJ used the wrong DOT for the position of "Garment Sorter." AR 32. The ALJ listed "Garment Sorter" with a DOT number of 222.687-010. *Id*. However, the position of "Garment Sorter" bears the DOT number 222.687-014. The DOT number 222.687-010 is actually for a position called "Checker I." Nevertheless, even if the court looks at the correct DOT listings for "Garment Sorter" and "Checker I," both require "frequent" reaching. Therefore, all the jobs the ALJ determined were within Plaintiff's RFC require "frequent" reaching.

2/3 of an 8-hour workday.[34] Plaintiff contends through a hypothetical that she posed in an interrogatory to the vocational expert in the ALJ proceeding that she can engage in only "occasional" reaching above her head. The term "occasional" is limited to "up to 1/3" of an 8-hour workday.[35] Thus, the dispute on appeal comes down to whether the ALJ's decision can support Plaintiff performing an additional 2 and 2/3 hours more of "reaching" per workday than what Plaintiff concedes she can perform.

      The ALJ's decision supports Plaintiff being able to engage in "frequent" as opposed to "occasional" reaching. At the outset, the court acknowledges that there is no legal test for determining the frequency that a claimant can reach. Instead, as with most RFC determinations, the ALJ was provided with a mass of objective medical and nonmedical evidence and, from that, was tasked with determining "the most [Plaintiff] can still do despite [her] limitations."[36] Also, there is no medical or nonmedical opinion that the parties have cited stating that Plaintiff's ability to reach is limited to "occasional" instead of "frequent." The best Plaintiff can muster from the record is the fact that the ALJ acknowledged Plaintiff's osteoarthritis in her left shoulder is a severe impairment,[37] which does not regulatorily require a limitation to "occasional" reaching. However, the ALJ also reviewed evidence showing that Plaintiff did not complain about shoulder pain at medical exams in July 2021, July 2022, and April 2023.[38] In

---

[34] *See, e.g.*, Garment Sorter, DOT 222.687-014.

[35] *See, e.g., id.*

[36] 20 C.F.R. § 404.1545(a)(1).

[37] AR 21.

[38] AR 346, 354, 1763, 1777, 1837-41.

fact, Plaintiff described her health as "good," she exercised regularly, and engaged in self-care.[39] Thus, without a legal test to guide his determination between "occasional" and "frequent" reaching, bereft of any specific medical opinion addressing the issue, and left with only conflicting evidence about the functional impairment of Plaintiff's shoulder impairment, the ALJ was left to weigh the conflicting evidence and to determine how much Plaintiff could do.

In the face of conflicting evidence such as this, the substantial evidence standard gives ample latitude to the ALJ. Another formulation of the substantial evidence standard is that enough evidence exists for a court to deny a directed verdict had the case been presented to a jury.[40] The conflicting evidence in the record here could not compel a directed verdict that Plaintiff could reach above her head only up to 1/3 of a workday because the evidence is subject to multiple interpretations. One of those evidentiary interpretations may be that Plaintiff is limited to reaching up to 1/3 of a workday. However, that same conflicting evidence also supports an interpretation that she can reach at least 2/3 of a workday given the dearth of medical opinion saying otherwise, her pain management, her daily activities, and her lack of complaints about shoulder pain during multiple medical visits over the course of a couple of years. The substantial evidence standard of review requires this court to yield to the ALJ where, as here, conflicting evidence would send this issue to a jury were this case subject to a jury trial. And there is more than enough conflicting evidence to deny a directed verdict on whether Plaintiff can reach above her head up to 5 and 1/3 hours per day versus up to 2 and 2/3 hours per day. Therefore, substantial evidence supports the ALJ's determination that Plaintiff could perform

---

[39] AR 251-58, 354.
[40] *Nat'l Lab. Rels. Bd. v. Columbian Enameling & Stamping Co.*, 306 U.S. 292, 300 (1939).

jobs that required "frequent" reaching that exist in sufficient numbers in the national economy, which precludes a disability finding.

## ORDER

For the reasons stated above, the court HEREBY ORDERS that the ALJ's decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 17th day of December 2024.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge